UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

----------------------------------------------------------

**This Document Relates to:**

*Rebecca Adams, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-13025-DRH-PMF

**Judge David R. Herndon**

## ORDER DISMISSING WITH PREJUDICE

**HERNDON, Chief Judge:**

This matter is before the Court on the defendant's, Bayer HealthCare Pharmaceuticals Inc., motion, pursuant to Case Management Order 12 ("CMO 12"), for an order dismissing the claims of plaintiffs Shaelee Garrison and Valerie Myers, with prejudice, for failure to comply with Plaintiff Fact Sheet ("PFS") obligations. For the reasons discussed below the motion is **GRANTED**.

The claims of plaintiffs Garrison and Myers were dismissed without prejudice on June 29, 2012 for failure to provide a substantially complete PFS as required by CMO 12. The plaintiffs had an additional 60 days from the date of dismissal to produce a complete PFS or, as the Court expressly warned, face dismissal with prejudice. The above captioned plaintiffs failed to take any action. As a result, the defendant filed the subject motion to dismiss with prejudice.

A responsive pleading was filed on behalf of plaintiff Shaelee Garrison. In that response, counsel argues that state law prevents the Court from dismissing plaintiff Garrison's claims with prejudice. Specifically, counsel argues that under an Oklahoma savings statute plaintiff Garrison, an Oklahoma resident, has one year to re-file her complaint.[1]

Counsel's argument is without merit. State statutes of limitation or savings statutes do not allow plaintiff Garrison to disregard orders of this Court. CMO 12 is an agreed upon discovery order applicable to all cases in this multidistrict litigation. Pursuant to CMO 12, plaintiffs must provide the defendants with a substantially complete PFS in a timely manner. Plaintiffs are given repeated opportunities to correct noncompliance before their case is subject to dismissal without prejudice as a sanction for failing to comply with this Court's orders. The same is true with regard to the provision in CMO 12 allowing for with prejudice dismissal.

In the order dismissing the claims of plaintiffs Garrison and Myers, the Court warned the plaintiffs that, "pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion.**" The plaintiffs could have responded by complying with CMO 12 and asking the Court to vacate the without prejudice dismissal. Instead, the plaintiffs

---

[1] Counsel also cites to an Illinois statute an irrelevant Illinois statute. *See* Doc. 10 p. 2 citing to § 735 ILCS 5/13-217.

remain noncompliant and continue to disregard the discovery requirements applicable to all plaintiffs in this litigation.

The plaintiffs' conduct exhibits a continued disregard for orders of this Court and warrants dismissal with prejudice. *See Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983) "When there is a clear record of delay or contumacious conduct" in a lawsuit, or "when other less drastic sanctions have proven unavailing," a court may dismiss a litigant's lawsuit with prejudice"); *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 758-759 (7th Cir. 2005) (authority to dismiss an action under the court's inherent authority to sanction). *See also* Fed. R. Civ. P. 37(b)(2)(C). Although dismissal with prejudice is a harsh sanction that should be employed sparingly, the plaintiffs repeated and flagrant disregard of their obligations in this case make dismissal with prejudice an appropriate sanction.

Accordingly, pursuant to Section E of CMO 12, **the claims of plaintiffs Shaelee Garrison and Valerie Myers are hereby dismissed WITH prejudice**.

**Further**, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the above captioned cases.

SO ORDERED:

Digitally signed by
David R. Herndon
Date: 2013.07.16
17:41:55 -05'00'

**Chief Judge**                                            **Date: July 16, 2013**
**United States District Court**